Case 4:24-cv-04119   Document 19   Filed on 03/27/25 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOI THANH DUONG, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-4119 |
| | § | |
| RANDY TATE, Warden, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Hoi Thanh Duong, is a detainee in the custody of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE), at the Montgomery Processing Center in Conroe, Texas. Proceeding *pro se* and *in forma pauperis*, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention after entry of an order of removal. (Dkt. 1). Respondent Randy Tate[1] answered the petition with a motion for summary judgment, supported by several exhibits. (Dkt. 18). Duong has not filed a response, and his time to do so has now expired. Having reviewed Duong's petition, Tate's motion and its attached exhibits, all matters of record, and the law, the Court grants Tate's motion for summary judgment, denies Duong's

---

[1] Tate, as the Warden of the Montgomery County Processing Center where Duong is detained, is the only proper respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004).

petition, and dismisses this action for the reasons explained below.

## I.   BACKGROUND

Duong is a citizen of Vietnam who entered the United States as a lawful permanent resident in 1988. (Dkt. 1, p 6). Between 1999 and 2004, Duong was convicted of four criminal offenses in Massachusetts and New York, including carrying a firearm without a license, larceny, and assault. (Dkt. 18-1, pp. 3-4). Based on these convictions, the government began proceedings to have Duong removed; however, in October 2004 before any final orders were issued, Duong left the United States and returned to Vietnam. (*Id.* at 4).

In March 2005, Duong arrived in San Francisco and applied to reenter the United States. (*Id.*). He was paroled for a deferred inspection and given a Notice to Appear. (*Id.*). In January 2007, when Duong did not appear as ordered, an order of removal to Vietnam was entered *in absentia*. (*Id.*). Duong's subsequent motion to reopen was denied. (*Id.*). Duong did not appeal the removal order.

Between June 2008 and May 2010, Duong was convicted of no fewer than five criminal offenses in Texas, including driving with a suspended license, trespass, and assault. (*Id.* at 4-5). In 2010, the government lodged an immigration detainer against him. (*Id.* at 4). In December 2010, Duong was transferred to immigration officials, but he released from the government's custody on an Order of Supervision. (*Id.* at 4-5).

Between January 2012 and January 2019, Duong was convicted of four additional criminal offenses, including assault, terroristic threat, stalking, and evading arrest. (*Id.* at 5). In September 2024, government officials located Duong in the custody of the Texas Department of Criminal Justice (TDCJ) and lodged an immigration detainer against him. (*Id.*). TDCJ transferred Duong to the government's custody on September 26, 2024. (*Id.*). On October 30, 2024, the government initiated the process of obtaining travel documents for Duong to accomplish his removal to Vietnam. (*Id.*).

In December 2024, the Attorney General reviewed Duong's case and determined that he was a high flight risk and posed a danger to persons and property within the community if released. (*Id.*). Based on those findings, the government ordered that Duong remain detained pending removal. (*Id.*).

In his habeas petition, Duong alleges that a treaty between the United States and Vietnam prohibits the United States from deporting Vietnamese citizens who entered the United States before July 12, 1995. (Dkt. 1, p. 6). Based solely on this alleged treaty, Duong contends that his removal is not substantially likely to occur in the reasonably foreseeable future. (*Id.*). Under the standard set out in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he asks the Court to order his immediate release from detention. (Dkt. 1, p. 7).

Tate responded to Duong's petition with a motion for summary judgment,

supported by the affidavit of Deportation Officer Christopher Bacchus and an authenticated copy of a November 21, 2020, Memorandum of Understanding (MOU) between the United States and Vietnam concerning the repatriation of Vietnamese citizens who have been ordered removed from the United States. (Dkts. 18, 18-1, 18-2). Under the MOU, Vietnamese citizens who entered the United States before July 1995 may be deported from the United States and repatriated to Vietnam under certain circumstances. (Dkt. 18-2). Tate alleges that the MOU rebuts Duong's allegation that he is ineligible for removal to Vietnam. (Dkt. 18). Further, Tate alleges that the government is proceeding with the removal process and there is no indication that Duong will not be removed from the United States in the reasonably foreseeable future. (*Id.*). Duong has not responded to the motion for summary judgment, and his time to do so has now expired.

## II. LEGAL STANDARDS

### A. Petitions for a Writ of Habeas Corpus

Duong seeks release through a petition for writ of habeas corpus under 28 U.S.C. § 2241. To be entitled to a federal writ of habeas corpus, the petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The petitioner has the burden to demonstrate that a constitutional violation has occurred. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) ("[N]either habeas nor civil rights relief can

be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (per curiam))). Absent a constitutional violation, the writ will not issue.

### B. Motions for Summary Judgment

In response to Duong's petition, Tate has moved for entry of summary judgment. "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Under Rule 56, the moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* The moving party is "entitled to judgment as a matter of law" when the nonmoving party has failed to make a sufficient showing on an essential element of the case on which he or she had the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

C.   *Pro Se* **Pleadings**

Duong is proceeding *pro se* in this action. Pleadings filed by *pro se* litigants are not held to the same stringent and rigorous standards as pleadings filed by lawyers and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). But even under a liberal construction, *pro se* petitioners "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (cleaned up).

### III.   DISCUSSION

Immigration and removal proceedings are subject to a detailed statutory scheme. Relevant here, once an immigration judge issues a removal order and that order becomes "final," the Attorney General has ninety days to effect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). During this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may then become eligible for supervised release until removal can be accomplished. *Id.* at § 1231(a)(3).

Under 8 U.S.C. § 1231(a)(6), the Attorney General may order that a detainee

be detained past the 90-day removal period if the detainee poses a danger to the community or would be a flight risk if released. But while this statute appears to give the Attorney General the discretion to continue detention indefinitely, the Supreme Court has held that the discretion under § 1231(a)(6) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas v. Davis,* 533 U.S. 678, 690-92 (2001).

In *Zadvydas*, the Supreme Court held that due process does not permit the government to detain an individual indefinitely after the 90-day removal period has expired. *Id.* at 701. Instead, detention is limited to the period reasonably necessary to bring about the removal. *Id.* The Supreme Court stated that six months is a presumptively reasonable period to effect a removal, and after the expiration of six months, a detainee—even one who poses a danger to the community or a flight risk—may seek release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.*

To prevail under *Zadvydas*, the detainee must establish both that he has been detained beyond the six-month removal period and that there are good reasons to believe that his removal is not significantly likely in the reasonably foreseeable future. *Id.* If the detainee meets this initial burden, the burden then shifts to the government to "furnish evidence sufficient to rebut that showing." *Id.* If the

7/12

government does not meet its burden, the detainee must be released subject to an Order of Supervision. Even detainees who pose a flight risk or a danger to the community may not be detained indefinitely if their removal is not substantially likely to occur in the reasonably foreseeable future. *See Tran v. Mukasey*, 515 F.3d 478, 483-84 (5th Cir. 2008) (citing *Tuan Thai v. Ashcroft*, 366 F.3d 790 (9th Cir. 2004)).

Duong's order of removal became final in 2007, although Duong was not detained under that order until September 2024. *See Farez–Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 499 (S.D.N.Y. 2009) ("A removal order entered in the absence of the alien to whom it refers, such as the removal order at issue in this case, becomes administratively final immediately upon its issuance" (citing 8 C.F.R. § 1241.1(e))). The parties do not dispute that he has currently been detained beyond the six-month presumptively constitutional removal period.[2] But to carry his initial burden under *Zadvydas*, Duong must also "demonstrate that 'the circumstances of his status,' or the existence of 'particular individual barriers to his repatriation' to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Idowu v. Ridge*, No. 3:03-CV-1293-R, 2003 WL 21805198, at

---

[2]Tate does not argue that any of the tolling provisions of 8 U.S.C. § 1231(a)(1)(C) apply to Duong's removal period or that a date later than 2007 should control the start of the removal period.

8/12

*4 (N.D. Tex. Aug. 4, 2003) (quoting *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). Speculation and conjecture are not sufficient to carry this burden, nor is a "lack of visible progress" in his removal sufficient, in and of itself, to show that no significant likelihood of removal exists in the reasonably foreseeable future. *Id.* (cleaned up).

The only basis identified by Duong to support his contention that his removal is not substantially likely to occur in the reasonably foreseeable future is an unidentified treaty that he alleges precludes the removal of Vietnamese citizens who entered the United States before July 1995. (Dkt. 1, p. 6). But even if such a treaty existed at one time, it has since been superseded by the provisions of the November 2020 MOU, which clearly provides for the removal and repatriation of Vietnamese citizens who arrived in the United States before July 1995. (Dkt. 18-2). Courts have recognized that Vietnam is now considering repatriation requests from the United States on a case-by-case basis and that Vietnam issues travel documents in a "non-negligible portion of cases." *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1090 (C.D. Cal. 2020). Accordingly, to the extent that Duong alleges that his removal is not reasonably foreseeable due to treaty obligations, his claims are factually incorrect.

In addition, Duong does not allege any facts showing that there are individual barriers that would preclude his repatriation to Vietnam. Unlike the petitioner in *Zadvydas*, Duong does not allege that Vietnam has refused to accept him back, nor

does he identify any specifics about his circumstances that would make his return to Vietnam unforeseeable. Further, unlike the petitioner in *Kane v. Mukasey*, No. B-08-037, 2008 WL 11393137 (S.D. Tex. Aug. 21, 2008), who could not be repatriated to Mali because Mali had a policy of not accepting removals from the United States, Duong has offered no evidence that Vietnam is not accepting removals under the MOU. He has therefore failed to carry his initial burden to show that genuine issues of material facts exist concerning whether there is a substantial likelihood of his removal to Vietnam in the reasonably foreseeable future.

Moreover, even if Duong had carried his initial burden under *Zadvydas*, the documents submitted by Tate are sufficient to carry the government's burden to show that Duong's continued detention is lawful and that his removal is substantially likely in the reasonably foreseeable future. Tate has offered summary judgment evidence showing that Duong has been convicted of no fewer than thirteen criminal offenses, many of which are crimes of violence or threatened violence. He has also fled from the government's supervision on at least two prior occasions, one of which resulted in his removal order being entered *in absentia*. Based on these facts, the Attorney General determined that Duong is a flight risk who would also pose a danger to the community, and his continued detention past the 90-day removal period is proper under § 1231(a)(6). Further, Tate has offered evidence showing that the government promptly applied for travel documents for Duong, and that the

request for those documents remains pending. This evidence is sufficient to rebut Duong's assertion that his detention is unlawful and that his removal is so unlikely as to not be reasonably foreseeable at this time.

The Court is mindful that "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. But the record shows that the government is making reasonably substantial efforts to repatriate Duong now that he is in custody, and there are no indications that Vietnam is not cooperating with those efforts. The record does not show that it is unreasonable to believe that Duong is substantially likely be removed in the reasonably foreseeable future.

Because Duong has failed to show that genuine issues of material fact exist on an essential element of the case on which he has the burden of proof, Tate is entitled to entry of summary judgment in his favor as a matter of law. Duong is not entitled to habeas corpus relief, and his petition must be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent Randy Tate's motion for summary judgment, (Dkt. 18), is **GRANTED**.

2. Duong's petition for a writ of habeas corpus, (Dkt. 1), is **DISMISSED without prejudice** to refiling should Duong's detention become unlawful.

3. Any pending motions are **DENIED as moot.**

4. An order of dismissal will be separately entered.

5. A certificate of appealability will not be issued. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

**The Clerk of Court will provide a copy of this Order to the parties.**

SIGNED at Houston, Texas on _____March 27_____, 2025.

> DAVID HITTNER
> UNITED STATES DISTRICT JUDGE